# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW J. SHERVEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-03903 (UNA) |
| v. ) | |
| ) | |
| NATIONAL ARCHIVES AND ) | |
| RECORDS ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, it dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Plaintiff sues the National Archives and Records Administration ("NARA"), alleging that it possesses various forms of information about him because the federal government has been spying on him and mocking him. *See* Compl. at 1–2. He demands the release of this information under the Privacy Act, 5 U.S.C. § 552a. *See id.*

First, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Simply put, plaintiff's complaint, a pleaded, is frivolous, and for that reason alone, the court cannot exercise subject matter jurisdiction over it. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. Plainitff's allegations fall squarely into this category.

Second, Privacy Act jurisdiction extends to claims, *inter alia*, arising from agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. § 552a(g)(1)–(3); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed. *Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (quotation omitted). Here, plaintiff neither attaches a copy of the actual request submitted, nor references a Privacy Act request number. Indeed, the complaint is devoid of *any* details regarding any purported requests beyond plaintiff's broad

interest in exposing the federal government's alleged illegal surveillance program.  *See* Compl. at 1–2.  As a result, he has failed to state a claim under the Privacy Act.

      Consequently, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

DATE: February 2, 2024                          <u>/s/ CHRISTOPHER R. COOPER</u>
                                                                       United States District Judge